**Demps HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43332.

Court of Criminal Appeals of Texas.

Nov. 25, 1970.

Rehearing Denied Dec. 31, 1970.

John R. Nelms, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., Edgar A. Mason, and W. T. Westmoreland, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is robbery by assault; the punishment, 15 years.

Trial was before a jury on a plea of not guilty and the jury assessed the punishment.

Judgment was rendered on January 23, 1969. Sentence was pronounced and notice of appeal was given on February 7, 1969.

The case was submitted to the jury as one in which the state relied on circumstantial evidence, and the jury was charged on the law of principals.

The sufficiency of the evidence to sustain the conviction is not challenged and there were no objections to the court's charge or refused requested charges.

The state's evidence reflects an assault by Bobby Ellison and appellant, following which the victim's watch and some money that had been in his wallet were missing.

During the voir dire examination of the jury panel at appellant's trial, Ellison, who had been subpoenaed as a witness for the defense, was identified as the person who acted with appellant in the assault.

Appellant's first ground of error complains of the overruling of his motion to withdraw his announcement of ready and continue the case when Bobby Ellison refused to testify.

Ground of error No. 2 complains that the court erred in admonishing Bobby Ellison in the presence of the jury as to his right under the Constitution to refuse to testify.

After the state had rested Bobby Ellison was called and sworn as a defense witness, whereupon he was warned by the court:

"Before you testify, it is the duty of the Court to warn you that anything you say can be used against you and that everything you say is going to be taken down here, and is under oath, and it can be used against you. I want you to understand what you are doing, because what-

ever you say now and you don't have to say anything, you can refuse to testify and the Court is not going to make you testify, but if you do so testify, you must do so voluntarily and do so with the understanding that any testimony you do give may be used against you."

"Do you want to talk to a lawyer before you testify?

"THE WITNESS: I would like to."

Appellant moved for a mistrial, which was overruled.

The following day Ellison was again called by the defense and counsel appointed by the court for that purpose advised the court that he had consulted with his client and just before he got on the witness stand Ellison had told him that he wished to claim his Fifth Amendment privilege; and Ellison, stating that he did not wish to testify in the case, was excused by the court.

That Ellison was implicated in the assault was shown by the testimony of appellant and his witnesses as well as by the state's witnesses. It is unlikely that appellant was surprised by his failure to incriminate himself and exonerate appellant of any connection with the robbery.

There is no showing in the record that the witness would have testified, or what his testimony would have been, had the trial been postponed to a later date.

■ Under the record, we find no reversible error in grounds of error Nos. 1 and 2.

Ground of error No. 3 relates to the cross-examination of appellant wherein he was asked and answered in the affirmative:

" * * * are you the same Demps Harris, Jr., who in Cause No. C–66–4467–HK, was convicted on the 20th day of December of 1967 of the theft of corporeal personal property under the value of $50.00 and over the value of $5.00 and included in the indictment * * *"

The ground of error complains that the court erred in overruling appellant's motion for mistrial on the ground that the conviction so used was void on the face, which condition had been made known to the state by appellant's counsel prior to the cross-examination of the defendant, the contention being that the misdemeanor charge of theft under fifty dollars is not a lesser included offense to the felony charge of burglary, the offense charged in the indictment in the cause referred to.

We do not find the indictment under which appellant was convicted of misdemeanor theft in this record, nor do we find any objection to the question or request to have the jury instructed to disregard the question or answer.

No reversible error is shown by bill of exception No. 3.

The judgment is affirmed.